IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAUD S. EL-BAKARA, Sr., | ) |
|       Plaintiff, | ) CIVIL ACTION NO. |
| | ) |
| v. | ) COMPALINT |
| | ) |
| WELTMAN, WEINBERG & REIS CO., LPA | ) JURY TRAIL DEMANDED |
| | ) |
|       Defendant. | ) |

## PRELIMINARY STATEMENT

1.  This is an action for damages brought by an individual consumer, Daud S. El-Bakara, Sr., against the Defendant Weltman, Weinberg & Reis Co., LPA., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA").

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k, and 28 U.S.C. § 1331.

3.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.  Plaintiff Daud S. El-Bakara, Sr., is an adult individual who resides in Philadelphia, PA.

5.  Defendant Weltman, Weinberg &Reis Co., LPA., (hereafter "WWR") is a business entity that regularly conducts business in the Eastern District of Pennsylvania. It has a headquarters located at 323 W. Lakeside Avenue, Suite 200, Cleveland, OH 44113, and a branch located at 170 S. Independence Mall W., Suite 874W, Philadelphia, PA 19106. The principal purpose of

Defendant is the collection of debts already in default using the mail and telephone, and Defendant regularly attempts to collect said debts.

## STATEMENT OF FACTS

6. At all pertinent times hereto, Defendant was hired to collect a debt owed to an original creditor (hereinafter the "Debt").

7. At all pertinent times hereto, Plaintiff was not responsible for the Debt.

8. The Debt arose out of transactions which were primarily for personal, family or household purposes.

9. Despite the fact that Plaintiff does not owe the Debt, WWR filed a writ of execution against Plaintiff's bank account, and caused Plaintiff's bank account to be garnished.

10. As a result of WWR's actions, Plaintiff's bank account was frozen, and Plaintiff was unable to access his funds.

11. WWR knew that its actions would result in the garnishment of the wrong person's bank account.

12. Despite that knowledge, WWR went forward with seeking and obtaining the Writ of Execution, and had Plaintiff's bank account frozen.

13. WWR knew or should have known that its actions violated the FDCPA.

14. Additionally, WWR could have taken the steps necessary to bring its agent's actions within compliance of the law, but neglected to do so and failed to adequately review those actions to insure compliance with said law.

15. Upon information and belief, no attorney was meaningfully involved in the completion and filing of the Writ despite the fact that WWR represented that an attorney was meaningfully involved.

16. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of loss of access to his funds, and emotional distress, including humiliation and embarrassment.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

18. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

### **COUNT ONE – VIOLATIONS OF THE FDCPA**

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. WWR is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

22. Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

23. WWR violated the FDCPA. WWR's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10) and 1692f, 1692f(1), as evidenced by the following conduct:

    a. The false representation of the amount, character or legal status of a debt;

    b. Falsely representing that an attorney was meaningfully involved in the collection of the debt;

    c. Falsely threatening to take legal action that cannot be taken;

      d.      Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect any debt; and

      e.      Collecting any amount (including any interest, fee, charge or expense incidental to the principal obligation) which is not expressly authorized by an agreement creating the debt or permitted by law.

24.    WWR's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

25.    As a result of the above violations of the FDCPA, WWR is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## JURY TRIAL DEMANDED

26.    Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

      (a)      Actual damages;

      (b)      Statutory damages;

      (c)      Costs and reasonable attorney's fees; and

      (d)      Such other and further relief as may be necessary, just and proper

**FRANCIS & MAILMAN, P.C.**

BY:    */s/ Mark D. Mailman*
        MARK D. MAILMAN, ESQUIRE
        JOSEPH L. GENTILCORE, ESQUIRE
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

DATED: November 15, 2017