## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAUD S. EL-BAKARA, SR., | |
| Plaintiff | Case No. 2:17-cv-05138-MMB |
| v. | |
| WELTMAN, WEINBERG & REIS CO,. LPA, | |
| Defendant | |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO COMPEL

### I.     INTRODUCTION

This is a consumer protection matter brought by an individual against a debt collection law firm.  Plaintiff alleges that the defendant illegally levied his bank account in an attempt to collect a debt owed by another individual.  Defendant's discovery tactics, and its refusal to produce any information or documentation has significantly impeded the progress of this case, and has severely prejudiced Plaintiff's ability to meet his burden at the upcoming arbitration, and if necessary, at trial.

As a result, Plaintiff respectfully request that Your Honor grant this Motion to Compel, and order Defendant to provide full and complete responses to the Interrogatories and Requests for Documents.

### II.     FACTS

Plaintiff filed this action on November 15, 2017.  *See* ECF No. 1.  In his Complaint, Plaintiff alleges that Defendant is a debt collector, and in its attempt to collect a debt from a third-party, Defendant wrongfully levied Plaintiff's bank account.  *Id*.  Plaintiff alleges that he suffered

significant harm as a result of Defendant's actions, including loss of use of his funds, along with non-economic damages.  *Id*.

Defendant filed its Answer, denying all allegations, on January 16, 2018.  (ECF No. 10). Your Honor held a telephone Rule 16 conference, and entered a scheduling order on February 21, 2018. (ECF No. 14).  The parties are currently scheduled to participate in court-annexed arbitration on September 10, 2018.  (ECF No. 29).

On February 21, 2018, Plaintiff served his first set of written discovery requests on Defendant.  *See* Exhibit A, Plaintiff's Discovery Requests.[1]  After numerous extensions, Defendant finally provided responses on May 3, 2018.  *See* Exhibit B, Defendant's Responses.  In its responses, Defendant objects to every interrogatory and request for document; refused to provide a substantive response to 19 out of the 22 interrogatories; and has produced no documents whatsoever.  *Id*.

Following receipt of the responses, counsel engaged in numerous telephone conversations regarding the deficiencies in Defendant's discovery responses; however, the effort was unproductive.  As a means to further clarify the dispute, and engage in good faith efforts to resolve the dispute, the undersigned served a detailed letter on defense counsel outlining the basis for the discovery requests, and seeking supplementation from Defendant.  *See* Exhibit C, July 24, 2018 Letter.  Again, Defendant responded by simply confirming that it would not agree to produce the requested documentation.[2]

Despite the undersigned's above-detailed efforts, Defendant has failed to supplement its discovery responses, and therefore, Plaintiff is forced to seek relief from this Court.

---

[1] Pursuant to Local Rule 26.1(b), the verbatim interrogatories, requests, and Defendant's responses are attached hereto as Exhibits A and B.
[2] The undersigned's certification pursuant to Local Rule 26.1(f) is attached hereto as Exhibit D.

III.    **ARGUMENT**

    **A.  Standard for Discovery in General**

Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to respond to discovery, or provides evasive or incomplete answers, then the party submitting discovery may move for an order compelling discovery.  F.R.C.P. 37(a)(2)-(4).  Rule 26 governs the scope of discovery and states in relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Relevancy is broadly construed, and determined in relation to the facts and circumstances of each case, and when there is doubt about relevance, a court should tend toward permitting discovery. *See Corrigan v. Methodist Hosp.*, 158 F.R.D. 54, 57 (E.D. Pa. 1994).  Rule 26 further provides that an attorney must sign off on any objection to a discovery request, and by doing so, certifies that the objection is "consistent with the[] rules and… not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  F.R.C.P. 26(g)(1)(B).

As detailed below, Plaintiff's discovery requests directed towards Defendant are relevant to the facts of this case, and seek information relating to Plaintiff's claims and Defendant's defenses.  Despite Plaintiff's good faith efforts, Defendant has failed to comply with its discovery obligations, and as a result, Plaintiff's ability to take depositions, prepare for the arbitration, and move the case towards disposition has been significantly prejudiced.

    **b.  Plaintiff's Interrogatories And Requests Are Appropriate And Within The Scope Of Discovery**

Plaintiff's complaint alleges that Defendant violated the Fair Debt Collection Practices Act, ("FDCPA") by wrongfully levying Plaintiff's bank account in its attempts to collect a debt owed by a third party. *See* ECF. No. 1. Defendant answered by denying every allegation in Plaintiff's complaint, and asserting seventeen (17) affirmative defenses. *See* ECF. No. 10. One of Defendant's affirmative defenses includes the allegation that if a violation occurred, it was not intentional, and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors. *Id*. This defense is based on 15 U.S.C. § 1692k(c). FDCPA violations that may qualify for the *bona fide* error defense must result from clerical or factual mistakes, not mistakes of law. *Daubert v. NRA Group, LLC*, 861 F.3d 382, 394 (3d Cir. 2017) (citing *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA*, 559 U.S. 573, 587 (2010). By alleging a *bona fide* error defense, Defendant has brought into issue its knowledge of the alleged violation, the facts regarding wrongful levying of the bank account, Defendant's FDCPA compliance procedures, and any steps taken following any prior occurrences involving the wrongful levying of a bank account.

Plaintiff's discovery requests were tailored specifically to address the activity that forms the basis of Defendant's violation of the FDCPA, and the basis for Defendant's affirmative defenses. In particular, Plaintiff's discovery seeks information and documents related to the activity that led to the levying of Plaintiff's bank account, details of the underlying debt that Defendant was attempting to collect, Defendant's policies and procedures for complying with the FDCPA, Defendant's history and knowledge of wrongfully levying bank accounts, and the factual basis for Defendant's affirmative defenses.

### c. Defendant's Objections Are Baseless

Even a cursory review of Defendant's discovery responses reveal that it has simply failed to meet its discovery obligations under the Rules.  All told, and despite Plaintiff's good faith efforts, Defendant has produced no documents whatsoever, and has only provided substantive answers to three (3) interrogatories.  Defendant's objections are baseless and its reasons for refusing to engage in discovery have no merit.  Its objections can be grouped into the following categories:

1.   <u>Objection based on "Plaintiff's Burden"</u>

Defendant objects to nearly all of Plaintiff's Interrogatories and Request for Documents on the basis that "plaintiff bears the burden of providing that the account at issue is a 'debt'" as that term is used in the FDCPA.  This objection is nonsensical, inappropriate, and cannot serve as a basis for Defendant to withhold relevant information and documentation.  Even if Plaintiff does bear the ultimate burden to establish that the underlying debt falls within the purview of the FDCPA, it is inappropriate to assert this objection and refuse to participate in discovery on that basis.

2.   <u>Objection based on confidentiality</u>

Again, in response to nearly all of Plaintiff's Interrogatories and Requests for Documents, Defendant objects and refuses to provide a substantive response on the basis that the required information and documentation is confidential and proprietary.  Defendant has not provided any information or detail that would allow Plaintiff to determine the extent of the information and documentation being withheld, and provides no basis whatsoever for its conclusion that all of the information and documents being withheld are proprietary and confidential.  Further, a review of the interrogatory and requests reveal that in most places, there is simply no basis to argue that the information and documents requested are confidential and proprietary.  For example, Defendant

even offers this objection as a basis for not providing information regarding judgments it has obtained for its clients—presumably information that is available on public dockets.  *See* Exhibit B at Interrogatory No. 20.

Even if the information and documents requested are in fact proprietary and confidential, the proper course of action, as suggested by the undersigned to Defense Counsel on multiple occasions, was to seek an agreement on a confidentiality agreement or entry of a protective order from the court.  *See* Exhibit C.  However, the burden remains on Defendant to establish its right to that protection.  *See Sprinturf, Inc, v. Southwest Recreational Industries, Inc.,* 216 F.R.D. 320, 322-23 (E.D. Pa. 2003); *C.A. Muer Corp. v. Big River Fish Co.*, 1998 WL 488007, at *2 (E.D. Pa. Aug. 10, 1998) ("The burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the order").  The undersigned offer to enter into a confidentiality agreement, and even offered use of a prior confidentiality agreement that Defendant has previously agreed to use.  However, Defendant refused the confidentiality agreement, maintained its objections, and refused to provide the requested information and documentation.

With the lack of any factual basis for asserting such an objection, along with Plaintiff's willingness to agree to a confidentiality agreement, Plaintiff respectfully requests that this Honorable Court order Defendant to provide full and complete responses to the Interrogatories and Document Requests.

3.  Narrative Objections

Finally, Defendant refuses to respond to Interrogatory No. 18, which requests the factual basis for its affirmative defenses, on the basis that it "improperly seeks a narrative response."  This is obviously an inappropriate objection, and there is simply no basis for refusing to respond to an

interrogatory because it seeks a narrative response.  Further, the interrogatory seeks the factual basis for Defendant's affirmative defenses.  This information is clearly within the bounds and scope of discovery.  Accordingly, Plaintiff respectfully request that this Honorable Court order Defendant to provide full and complete responses to this Interrogatory.

## IV.    <u>CONCLUSION</u>

For the forgoing reasons, Plaintiff requests that this Honorable Court grant his Motion to Compel, and Order Defendant to provide full and complete responses to the above-referenced Interrogatories and Requests for Production of Documents.  A proposed Order accompanies this Motion.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

*/s/ Joseph L. Gentilcore*

_____
JOSEPH L. GENTILCORE, ESQ.
100 S. Broad St., 19th Floor
Philadelphia, PA 19110
(215) 735-8600
jgentilcore@consumerlawfirm.com

*Attorneys for Plaintiff*