# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAUD S. EL-BAKARA, SR.,** <br><br> v. <br><br> **WELTMAN, WEINBERG & REIS CO., LPA** | **CIVIL ACTION** <br><br> **NO. 2:17-cv-05138-MMB** |

## MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                                                                           **March 19, 2019**

### I. Introduction

Plaintiff Daud S. El-Bakara, Sr. initiated this suit alleging that Defendant Weltman, Weinberg & Reis Co., LPA wrongfully levied his bank account to collect a debt that it is believed is owed by Plaintiff's adult son. Plaintiff's complaint sets out the following claims for relief:

1. Violations of the Fair Debt Collection Practices Act ("FDCPA"); (Am. Compl., ECF 44, Count I.), particularly:

    a. 15 U.S.C. § 1692e: False or misleading representations;

    b. 15 U.S.C. § 1692e(2)(A): The false representation of the character, amount, or legal status of any debt;

    c. 15 U.S.C. § 1692e(3): The false representation or implication that any individual is an attorney or that any communication is from an attorney;

    d. 15 U.S.C. § 1692e(5): The threat to take any action that cannot legally be taken or that is not intended to be taken;

  e. 15 U.S.C. § 1692e(10): The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

  f. 15 U.S.C. § 1692f: Unfair or unconscionable means to collect a debt or attempt to collect any debt;

  g. 15 U.S.C. § 1692f(1): The collection of any amount (including any interest, fee, charge, or expense accidental to the principal obligation) unless such an amount is expressly authorized by the agreement creating the debt or permitted by law;

2. Conversion (Id., Count II); and

3. Negligence (Id., Count III).

Defendant moves to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons discussed below, the Motion to Dismiss is **GRANTED** and Plaintiff's Amended Complaint is dismissed without prejudice, with leave to amend.

## II. Factual & Procedural Background

For the purposes of this motion, the following facts are taken as true from Plaintiff's amended complaint. Defendant was hired to collect a debt owed to a creditor. (Am. Compl. at ¶ 6.) Plaintiff was not responsible for this debt and instead it is believed to be owed by his adult son. (Id. at ¶ 7-8.)

Defendant filed a Writ of Execution against Plaintiff's bank account. (Id. at ¶ 10.) As a result, Plaintiff's bank account was frozen, and he was unable to access his funds. (Id. at ¶ 11.) Plaintiff alleges that, as a result of the garnishment, he suffered actual damages "in the form of

loss of access to his funds, and emotional distress, including humiliation and embarrassment." (Id. at ¶ 18.)

Plaintiff filed his complaint on November 15, 2017. (ECF 1). On January 16, 2018, Defendant filed its answer. (ECF 10). On September 11, 2018, the Court held an unrecorded telephone conference with counsel where the Plaintiff provided a "narrative explanation" of the allegations. (ECF 40, 42). In an Order that same day, the Court noted that "the Complaint was extremely short on facts" and ordered Plaintiff to "file an Amended Complaint setting forth the facts in greater detail." (ECF 42.) On September 27, 2018, Plaintiff filed the Amended Complaint. (Am. Compl.) On October 11, 2018, Defendant moved to dismiss all three counts in Plaintiff's Amended Complaint, pursuant to Fed. R. Civ, P. 12(b)(6). (Def.'s Mot., ECF 46.) Plaintiff responded to Defendant's motion on November 1, 2018. (Resp., ECF 49.)

**III. Legal Standard**

In ruling on a 12(b)(6) motion to dismiss, the court must determine whether "a complaint [contains] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

When considering a motion to dismiss for failure to state a claim, a court may consider "only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Hartig Drug Co. Inc. v. Senju Pharm. Co., 836 F.3d 261, 268 (3d Cir. 2016) (citing Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)).

3

## IV. Analysis

### A. FDCPA Violation (Count I)

Plaintiff must show four elements to establish an FDCPA claim:

1. That he or she is a "consumer" within the meaning of the statute, who was harmed by violations of the FDCPA;
2. The plaintiff has been the object of a collection activity arising from a consumer debt;
3. The defendant is a debt collector within the meaning of the statute; and
4. The defendant has engaged in an act or omission prohibited by the FDCPA.

Berk v. J.P. Morgan Chase Bank, N.A., 2011 WL 4467746, at *3 (E.D. Pa. Sep. 26, 2011) (Schiller, J.) (citing 15 U.S.C.A. §§ 1692a-1692o).

The FDCPA defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Other circuits emphasized the language "*any natural person*" and have held that a non-debtor plaintiff may fall within the FDCPA's definition of a consumer, if he can demonstrate that the defendant alleged that he owed a debt. See Loja v. Main Street Acquisition Corporation, 906 F.3d 680, 683-84 (7th Cir. 2018); Dunham v. Portfolio Recovery Associates, LLC, 663 F.3d 997, 1002 (8th Cir. 2011).

Under the FDCPA, a consumer debt is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money . . . which [is] the subject of the transaction [is] primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(5). In a case cited by neither party, the Third Circuit developed a three-part test to determine if an obligation falls within the FDCPA's definition of a consumer debt. St. Pierre

v. Retrieval–Masters Creditors Bureau, Inc., 898 F.3d 351, 360 (3d Cir. 2018). First, the court determines whether the obligation arose out of a transaction, i.e., consensual transaction involving an affirmative request and the rendition of a service or purchase of property. Id. Second, the court must identify, based upon Plaintiff's allegations, what money, property, insurance, or services are the subject of the transaction. Id. at 361. Finally, the court considers the characteristics of that money, property, insurance, or services to ascertain whether they're primarily for personal, family, or household purposes. Id.

The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In a nonprecedential opinion, a panel of the Third Circuit held that in order to sufficiently allege that a defendant is a debt collector within the meaning of the statute, a plaintiff must do more than assert in a conclusory fashion that the defendant is a debt collector. Estate of Egenious Coles v. Zucker, Goldberg & Ackerman, 658 Fed.Appx. 108, 111 (3d Cir. 2016). Quoting the relevant statutory definition is not sufficient, nor is merely attaching an exhibit demonstrating that the defendant meets the definition of a debt collector. Id. at 110-11.[1]

Where the plaintiff is alleging that the defendant used a false, deceptive, or misleading representation in connection with a debt collection, the plaintiff must allege some communication by the defendant that was materially false, and which would have been

---

[1] The Third Circuit has recently held that an entity that acquires debt for the purpose of collection, but outsources the collect activity, qualifies as a "debt collector" under the FDCPA. Barbato v. Greystone All., LLC, 916 F.3d 260 (3d Cir. 2019).

"confusing to the least sophisticated debtor." Humphreys v. McCabe Weisberg & Conway, P.C., 686 Fed. Appx. 95, 97 (3d Cir. 2017). These allegations must be more than merely conclusory or speculative. Id. at 97-98 (citing Iqbal, 556 U.S. at 678).

In this case, Defendant argues only that Plaintiff did not sufficiently plead the second element, that the obligation was a consumer debt.

Defendant argues that Plaintiff has not adequately pled that the underlying obligation was a consumer debt because the Amended Complaint simply asserts that "the Debt arose out of transactions which were primarily for personal, family, or household purposes." (Def.'s Mot. at 5.) According to Defendant, Plaintiff could not possibly know the nature of the debt because, accepting his allegations as true, he did not owe the debt in question. (Def.'s Mot. at 5.)

In the Amended Complaint, Plaintiff does not disclose any specific details about the underlying debt, other than that he believes it is owed by his son and that "[a]ny alleged debts at issue arose out of a transaction which was primarily for personal, family, or household purposes." (Am. Compl. at ¶ 24.)

Plaintiff has not pled facts sufficient to state a plausible FDCPA claim because he has not alleged any facts that support his conclusion that the underlying debt was a consumer debt. St. Pierre, at 898 F.3d at 630. Here, Plaintiff has not even satisfied the first prong of the analysis: whether an obligation arose out a transaction. Id. Plaintiff has not identified any underlying transaction that gave rise to the obligation. The Amended Complaint does not identify any particular transaction and instead merely states that "the Debt arose out of transactions which were primarily for personal, family, or household purposes." (Am. Compl. at ¶ 9.) Plaintiff has not alleged any transaction in the Amended Complaint, so he has failed to satisfy the first prong

6

of the St. Pierre analysis and thus has not sufficiently alleged that the obligation was a consumer debt.

A mere statement that a debt falls within the FDCPA's definition is not sufficiently specific to state a plausible FDCPA claim. Johns v. Northland Group, Inc., 76 F. Supp.3d 590, 598 (E.D. Pa. 2014) (Slomsky, J.). In Johns, the plaintiff brought an FDCPA claim after receiving several collection letters and phone calls from the defendant to collect an alleged debt. Id. at 592-93. However, the plaintiff's complaint pled no specific facts about the underlying debt and instead simply stated that, "Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff." Id. at 598. Judge Slomsky determined that these allegations were conclusory because they did not allege any details of the underlying debt that established it arose from transactions for personal, family, or household purposes. Id. Ultimately, the court concluded that the plaintiff had failed to plausibly allege that the debt fell within the scope of the FDCPA. Id.

Similarly, in Perry v. Oxford Law, LLC, the plaintiff brought an FDCPA claim after the defendant allegedly contacted her repeatedly attempting to collect an outstanding debt. 2012 WL 3731802, at *1 (E.D. Pa. Aug. 29, 2012) (Yohn, J.). The plaintiff did not allege facts about the debt showing that it arose out of personal, family, or household purposes. Id. at *4. Instead, the plaintiff's complaint simply asserted that she was a consumer and that the defendant was attempting to collect a "debt" from her within the meaning of the FDCPA. Id. Without more specific factual allegations, Judge Yohn concluded that the plaintiff's complaint failed to sufficiently allege an FDCPA claim and granted the defendant's motion to dismiss. Id.

Other circuits have held that a non-debtor need not allege specific details about the underlying transaction, but instead merely must identify generally what type of transaction gave

7

rise to the debt. Loja, 906 F.3d at 684. For instance, in Loja, the Seventh Circuit held that the plaintiff, who did not owe the underlying debt, sufficiently alleged a consumer debt by alleging that it arose from personal credit card transactions. Id.

Plaintiff's Amended Complaint contains merely conclusory allegations which do no more than recite the statutory language. This is insufficient to state a claim. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice.") In particular, Plaintiff has not identified what the underlying transaction was, the nature of the debt, the particular facts leading to the garnishment of the account, or whether there was ever communication between Plaintiff and Defendant.

Plaintiff fails to state an FDCPA claim that is plausible on its face and Defendant's motion to dismiss is granted. Plaintiff's FDCPA claim will be dismissed without prejudice, with leave to amend. If Plaintiff amends his complaint again, he must more specifically allege the nature of the debt including, at bare minimum, identifying the underlying transaction that gave rise to the obligation and the purpose of the transaction.

### B. State Law Claims for Conversion and Negligence (Counts II and III)

In this matter, original federal jurisdiction was premised solely on the existence of a federal question pursuant to 28 U.S.C. § 1331. We exercised jurisdiction existed over the state law claims because they were "so related to the claims in the action within such original jurisdiction that they formed part of the same case or controversy." 28 U.S.C. § 1367(a). Having granted Defendant's motion to dismiss on Plaintiff's FDCPA claim, the only remaining claims fall under Pennsylvania state law. State courts are the preferred arbiters of state law claims, especially when federal claims are dismissed before trial. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided

8

both as a matter of comity and to promote justice between the parties, by procuring them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.") Upon dismissing all claims within a federal court's original jurisdiction, the Court has discretion to decide whether to continue to exercise supplemental jurisdiction over the remaining state court claims. 28 U.S.C. § 1367(c)(2).

To resolve Plaintiff's remaining state law claims, the Court would need to apply and interpret Pennsylvania state law. Considerations of comity, fairness, and judicial economy strongly favor having Pennsylvania courts, rather than federal courts, resolve these claims. Such important considerations are not outweighed by any personal convenience to the parties in continuing to litigate in this federal forum. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline to exercise jurisdiction by dismissing the case without prejudice.") Accordingly, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

### V. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED, without prejudice.

An appropriate order follows.

O:\CIVIL 17\17-5138 El-Bakara v Weltman, et al\17cv5128 MTD Memorandum.docx