# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DAUD S. EL-BAKARA, SR., | CIVIL ACTION |
|---|---|
| v. | NO. 2:17-cv-05138-MMB |
| WELTMAN, WEINBERG & REIS CO., LPA | |

### MEMORANDUM RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT

**Baylson, J.**                                                                                                               **June 26, 2019**

      This is the second time this Court has had an opportunity to review a complaint in this FDCPA case. In March of 2018, this Court granted Defendant's Motion to Dismiss Plaintiff's Complaint without prejudice, with leave to amend. (ECF 51.)

      Plaintiff's Second Amended Complaint ("SAC") again pleads violations of the FDCPA (Count I) and state law claims for conversion (Count II) and negligence (Count III). (SAC, ECF 52). Presently before the Court is Defendant's Motion to Dismiss the SAC. (Mot., ECF 53.) Plaintiff responded. (ECF 56.)

      Because we have previously outlined the factual background of this case in our prior memorandum, we refrain from doing so again. For the reasons that follow, Defendant's Motion to Dismiss is denied.

    **I.**     **Legal Standard**

      In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on

its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, the Court in Iqbal does explain that while factual allegations must be treated as true, legal conclusions do not. 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

II.  Analysis

   A. FDCPA claims

To state a claim under the FDCPA, Plaintiff must allege four elements: "(1) he or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." Berk v. J.P. Morgan Chase Bank, N.A., No. CIV.A. 11-2715, 2011 WL 4467746, at *3 (E.D. Pa. Sept. 26, 2011) (Schiller, J.).

As with its last motion to dismiss, Defendant alleges that Plaintiff has failed to make out the second element of his FDCPA claim and has not shown that the debt arises out of a consumer transaction. In addressing Plaintiff's first Complaint, the Court concluded that he had "not pled facts sufficient to state a plausible FDCPA claim because he has not alleged any facts that support his conclusion that the underlying debt was a consumer debt." (ECF 51 at 6.)

As the Court explained in our prior memorandum, the Third Circuit developed a test for determining if an obligation falls within the FDCPA's definition of a consumer debt in St. Pierre v. Retrieval-Masters Creditors Bureau, Inc., 898 F.3d 351, 360 (3d Cir. 2018). We explained:

> First, the court determines whether the obligation arose out of a transaction, i.e., consensual transaction involving an affirmative request and the rendition of a service or purchase of property. Id. Second, the court must identify, based upon Plaintiff's allegations,

2

> what money, property, insurance, or services are the subject of the transaction. Id. at 361. Finally, the court considers the characteristics of that money, property, insurance, or services to ascertain whether they're primarily for personal, family, or household purposes. Id.

(ECF 51 at 4-5.)

Plaintiff has attempted to cure this insufficiency by asserting not only that the "debt arose out of transactions which were primarily for personal family or household purposes" but that "[t]he underlying credit card was a consumer credit card" that "was voluntarily opened as a result of the actual debtor applying for a credit card." (SAC at ¶¶ 9, 13, 14.) Plaintiff also alleges that "[t]he purchases made on the consumer credit card were personal in nature, and included everyday expenses such as groceries, food, gas, and entertainment." (SAC at ¶ 15.)

Defendant urges the Court to conclude that these revisions do not satisfy his obligations, particularly because he asserts these revisions "clearly contradict[] Plaintiff's allegation that he did 'not owe the debt' and that 'upon information and belief, the Debt is owed by Plaintiff's adult son.'" (Mot. at 6.) Plaintiff responds that he has provided "additional details regarding the debt that sufficiently establish the personal nature of the debt" including "documentation from the underlying municipal court case, filed by Defendant, that established that the debt is owed by an individual, not a business, that the underlying debt is a personal credit card, and that Defendant has access to the details of the underlying debt," and details obtained from a "discussion with the actual debtor." (Resp. at 9-10.)

Plaintiff's SAC adequately states a claim for a violation of the FDCPA under St. Pierre. 898 F.3d at 360-61. Plaintiff has provided necessary detail as to the consumer nature of his debt. Plaintiff has alleged that the obligation arose from "the extension of a consumer credit card by the original creditor, Discover Bank" which was "voluntarily opened as a result of the actual

debtor applying for a credit card. (SAC at ¶¶ 11, 14.) Plaintiff has identified the "money, property, insurance, or services that were the subject of the transaction" and that these transactions were "primarily for personal, family, or household purposes" when he stated that the "purchases made on the consumer credit card were personal in nature, and included everyday expenses such as groceries, food, gas, and entertainment." (SAC at ¶ 15.) These allegations are enough to state a plausible claim that the underlying obligation is a "debt" under the FDCPA.

### B. Conversion claim

Conversion is "an act of willful interference with a chattel, done without lawful justification, by which any person entitled thereto is deprived of use and possession." Chappell v. Horsham Twp. Police Dep't, 2017 WL 697804, at *11 (E.D. Pa. Feb. 22, 2017) (Slomsky, J.) (quoting Norriton E. Realty Corp. v. Central-Penn Nat'l Bank, 435 Pa. 57 (Pa. 1969).

Plaintiff's SAC alleges that Defendant "possess[ed] detailed personal identifying information on the actual debtor," but "filed a writ of execution against Plaintiff's bank account, and caused Plaintiff's account to be garnished." (SAC at ¶¶ 19-20.) Plaintiff also asserts that his "bank account was frozen, and Plaintiff was unable to access his funds." (SAC at ¶ 21.)

Defendant urges us to dismiss this claim, asserting that its "actions in filing the Writ [of Execution] were entirely proper" and within the statutory framework. (Mot. at 10-11.)[1] Moreover, Defendant argues that "[t]o the extent that a financial institution took action to freeze the bank account of someone other than the individual upon whom WWR was seeking to enforce the judgment, those actions were entirely outside of the control of WWR." (Mot. at 11.)

---

[1] Defendant has attached a copy of the Writ of Execution to its Motion at Ex. A. Pursuant to Fed. R. Civ. P. 12(d), the Court has excluded this exhibit from consideration in deciding this motion.

Plaintiff disagrees, asserting that "[w]hile Defendant may have had legal justification to freeze the bank account of the actual debtor, it had no legal justification whatsoever to levy the account of an innocent third-party non-debtor," particularly where it possessed "the actual debtor's bank information, social security number, and date of birth." (Resp. at 11.) Plaintiff also responds to Defendant's assertion that it is not liable "because a third-party is at fault" but contending that "the conduct of Defendant and any third-parties can only be addressed following discovery on this issue." (Resp. at 11, n. 1.)

Plaintiff has adequately plead that Defendant's actions interfered with his right to possess his funds. Plaintiff's allegations are sufficient to raise a reasonable inference that Defendant knowingly levied the wrong bank account, causing him to be deprived of the use of his funds, which he certainly had the right to use. Accordingly, we will deny Defendant's motion to dismiss this claim.

### C. Negligence claim

"The familiar elements of negligence under Pennsylvania law are 'a duty, a breach of that duty, a causal relationship between the breach and the resulting injury and an actual loss.'" M.B. v. Schuylkill Cty., 375 F. Supp. 3d 574 (E.D. Pa. 2019) (Pratter, J.) (quoting Burman v. Golay & Co., A.3d 657, 659 (Pa. Super. 1992)).

Defendant asserts that Plaintiff has not alleged that Defendant breached any duty it owed to Plaintiff. (Mot. Memo. at 11-12.) Plaintiff responds that "Defendant had access to all of the true debtors personal identifying information, including social security number, date of birth, and bank account information from prior payments. Despite access to that additional identifying information, Defendant completed a writ with only a name and address. . . . The resulting

harm—the wrong account being levied—is easily foreseeable given the scarcity of personal identifying information contained in the writ." (Resp. at 13.)

Because the Court evaluates the factual assertions in the light most favorable to the Plaintiff, we conclude that Plaintiff has pled sufficient facts to state a plausible claim for negligence. In particular, Plaintiff's assertion that Defendant "possess[ed] detailed personal identifying information on the actual debtor" but "failed to provide adequate, sufficient and correct identifying information on its writs of execution" is sufficient to state a plausible claim that Defendant breached a duty to Plaintiff. (SAC ¶ 20.)

Although Plaintiff still must prove negligence, he has clearly stated that Defendant was in possession of information that it could have used to avoid the damage that Plaintiff allegedly suffered. We will deny Defendant's motion to dismiss this claim.

### III. Conclusion

Plaintiff has set forth sufficient facts to demonstrate plausible claims for violations of the FDCPA, as well as state claims for conversion and negligence. Defendant's Motion to Dismiss Plaintiff's SAC is denied.

An appropriate order follows.

O:\CIVIL 17\17-5138 El-Bakara v Weltman, et al\17cv5138 Memo re MTD SAC.docx

6