# Exhibit C



July 24, 2018

*Via Email*
Graeme E. Hogan, Esq.
FINEMAN KREKSTEIN & HARRIS, P.C.
1801 Market Street, Suite 1100
Philadelphia, PA 19103

   **Re:** **El-Bakara v. Weltman, Weinberg & Reis Co., LPA (E.D. Pa. 17-5138)**

Dear Graeme:

  I am in receipt of Defendant's responses to Plaintiff's Interrogatories and Requests for Documents. While we have previously informally discussed the deficiencies in Defendant's responses, please accept this correspondence as formal notice of those deficiencies, and our good faith effort to resolve this discovery dispute prior to seeking assistance from the Court. Please provide supplemental responses no later than July 26, 2018, or I will seek assistance from the Court.

  Initially, it is worth noting that Defendant has failed to answer all but three of Plaintiff's interrogatories, and has produced no documents whatsoever. For this reason alone, I ask that you revisit and supplement your responses; however, in order to meet our good faith obligations prior to filing a Motion to Compel, I'm providing the following detailed deficiencies.

**GENERAL DEFICIENCIES:**

  As an initial matter, you have objected to numerous interrogatories and requests on the basis of an alleged privilege; however, you have failed to provide a privilege log. As the Rules require, kindly provide a privilege log listing all information and documentation that has been withheld on the basis of an alleged privilege.

  You have also objected to numerous interrogatories and requests on that basis that the information or documentation that is responsive, is confidential and/or proprietary. While we do not believe that those objections are appropriate, we agree to stipulate to the protective order used in *Gibbons v. Weltman, Weinberg & Reis Co., LPA*. Please file the stipulated protective order, and provide the requested information and documentation.

  Finally, you object to numerous interrogatories and requests on the basis that it is Plaintiff's burden to prove that the subject debt is a "debt" as that term is defined under the FDCPA. This is simply an inappropriate objection, and there is no basis to withhold information or documentation based on that objection.

100 South Broad Street | 19th floor | Philadelphia, PA 19110
P 215.735.8600 | F 215.940.8000
www.consumerlawfirm.com | www.creditreportproblems.com

**DEFICIENCIES IN SPECIFIC INTERROGATORY RESPONSES:**

Interrogatory No. 2:  Defendant's response to this interrogatory is deficient for the reasons stated in the "General deficiencies" section above.

Interrogatory No. 4:  This interrogatory request information about Defendant's training and compliance with the FDCPA.  The information requested is clearly within the scope of discovery, and is particularly relevant to Defendant's potential liability under §1692k(b), and Defendant's second affirmative defense.  Additionally, Defendant's response to this interrogatory is deficient for the reasons stated in the "General deficiencies" section above.

Interrogatory No. 5:  This interrogatory specifically seeks information regarding Defendant's training with respect to writs of garnishment, bank levies, and execution of judgments.  This is the exact issue that is the subject matter of this litigation.  The requested information is well within the scope of discovery, and relevant to the parties' claim and defenses.

Interrogatory No. 6:  Defendant's response to this interrogatory is deficient for the same reasons its response to Interrogatory No. 4 is deficient.

Interrogatory No. 7:  Defendant's response to this interrogatory is deficient for the same reasons its response to Interrogatory No. 4 is deficient.

Interrogatory No. 8:  Defendant's response to this interrogatory is deficient for the same reasons its response to Interrogatory No. 4 is deficient.

Interrogatory No. 9:  Defendant's response to this interrogatory is deficient for the same reasons its response to Interrogatory No. 5 is deficient.

Interrogatory No. 10:  This interrogatory seeks information on the account that Defendant was working when it wrongfully garnished my clients bank accounts.  The information is clearly relevant and discoverable.  Further, the only substantive objection that Defendant asserts is that the information is confidential.  As explained above, we are agreeable to using the same stipulative protective order we have agreed to in the past.  Because the protective order will cure this objection, I ask that you now provide the requested information.

Interrogatory No. 11: Defendant's response to this interrogatory is deficient for the same reasons its response to Interrogatory No. 10 is deficient.

Interrogatory No. 12: Defendant's response to this interrogatory is deficient for the same reasons its response to Interrogatory No. 10 is deficient.

Interrogatory No. 13: Defendant's response to this interrogatory is deficient for the same reasons its response to Interrogatory No. 10 is deficient.

Interrogatory No. 18:  This interrogatory seeks information regarding Defendant's affirmative defenses.  The requested information is well within the scope of discovery.  Defendant's objection that is seeks a "narrative response" is not a legitimate objection, and cannot serve as a basis to withhold the requested information.

Interrogatory No. 19:  This interrogatory seeks information regarding the contract between Defendant and the creditor that lead to Defendant's actions in wrongfully garnishing my client's bank account.  The information is relevant to establishing the details of the underlying debt.  Further, Defendant's response to this interrogatory is deficient for the same reasons its response to Interrogatory No. 4 is deficient.

Interrogatory No. 21:  Defendant's response to this interrogatory is deficient for the same reasons its response to Interrogatory No. 4 is deficient.

Interrogatory No. 22:  This interrogatory seeks information as to why Defendant wrongfully garnished my client's bank account.  In apparent support for its actions, Defendant states that it relied on information from the creditor, and its policies and procedures when it engaged in the actions that are the subject of this suit.  Despite taking that position, Defendant has failed to provide details regarding the information it received from the creditor, and its internal policies and procedures—despite the fact that that information was specifically requested.  As a result of Defendant's apparent reliance on information from Discover Bank and its internal procedures, please disclose the information from Discover Bank and the internal procedures referenced in this answer.

**DEFICIENCIES IN SPECIFIC REQUEST RESPONSES:**

Request No. 2:  Defendant's response to this Request is deficient for the same reasons its response to Interrogatory No. 4 is deficient.

Request No. 3:  Defendant's response to this Request is deficient for the same reasons its response to Interrogatory No. 4 is deficient.

Request No. 4:  Defendant's response to this Request is deficient for the same reasons its response to Interrogatory No. 5 is deficient.

Request No. 5:  Defendant's response to this Request is deficient for the same reasons its responses to Interrogatory Nos. 10 and 19 are deficient.

Request No. 7:  Defendant's response to this Request is deficient for the same reasons its response to Interrogatory No. 19 is deficient.

Request No. 9:  Defendant's response to this Request is deficient for the same reasons its response to Interrogatory No. 10 is deficient.

Request No. 10:  This request seeks documentation regarding the communication between Defendant, and my client's bank, along with the other entities that Defendant levied.  The

documentation requested is relevant to Plaintiff's claims and Defendant's defenses, and is a key disputed issue in this case. Namely, what exactly was, and could have been, communicated to the third-party entities that Defendant levied.

Request No. 11: Defendant's response to this Request is deficient for the same reasons its response to Request No. 10 is deficient.

Request No. 12: This request seeks documentation specifically attributable to the plaintiff. As a result, Defendant's objection that the request "seeks confidential information related to a third o party" is nonsensical. Further, to the extent that the responsive documentation is in fact confidential, the objection would be cured for the reasons set forth in the "General Deficiencies" section above.

Request No. 13: Defendant's response to this Request is deficient for the same reasons its response to Interrogatory No. 10 is deficient.

Request No. 15: Defendant's response to this Request is deficient for the same reasons its response to Interrogatory No. 4 is deficient.

Requests Nos. 20-24: These requests seek information regarding Defendant's practices for filing lawsuits and executing judgments. As a result, Defendant's response to these Requests are deficient for the same reasons its response to Interrogatory No. 4 is deficient.

As stated above, please supplement Defendant's discovery responses, and resolve the above-detailed deficiencies no later than July 26, 2018, or I will be forced to seek assistance from the Court. If you would like to discuss in more detail, feel free to contact me.

Respectfully submitted,

FRANCIS & MAILMAN, P.C.

Joseph L. Gentilcore